IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF/RESPONDENT

V.                    Criminal No. 2:15-cr-20023-PKH-MEF-1
                      Civil No. 2:16-cv-02201-PKH-MEF

MIGUEL ANGEL CARBAJAL                                            DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed August 15, 2016. (Doc. 32) The United States initially filed a Motion to Dismiss on August 17, 2016. (Doc. 36) An Order denying that motion was entered on August 18, 2016. (Doc. 37) The United States then filed its response on September 14, 2016. (Doc. 39) Petitioner did not file a reply. The matter is ready for Report and Recommendation.

### I. Background

On August 10, 2015, a Criminal Complaint was filed against Defendant/Petitioner, Miguel Angel Carbajal ("Carbajal"), alleging that on or about August 8, 2015, Carbajal knowingly and intentionally distributed a controlled substance, namely, methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 1) Carbajal was arrested on August 10, 2015, and he made his initial appearance before the Hon. Mark E. Ford, United States Magistrate Judge, on August 12, 2015. (Doc. 4) The Court appointed James B. Pierce ("Pierce"), Assistant Federal Public Defender, to represent Carbajal. (Docs. 4, 6) Carbajal waived the issues of probable cause and detention, and he was ordered detained and remanded to the custody of the United States Marshal's Service. (Docs. 4, 7)

On September 16, 2015, Carbajal was named in an Indictment charging him with, Count One, conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, and Count Two, possession with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (Doc. 9) Carbajal appeared with counsel for arraignment on September 23, 2015, at which time he entered a not guilty plea to the Indictment. (Doc. 13) Defense counsel requested discovery in open court, and the Government requested reciprocal discovery. (Doc. 13)

On December 10, 2015, Carbajal appeared with counsel before the Hon. P. K. Holmes, III, Chief United States District Judge, for a change of plea hearing. (Doc. 17) A written plea agreement was presented to the Court, and Carbajal pleaded guilty to Count One of the Indictment charging him with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. (Docs. 17, 18) The Court accepted the plea and ordered a Presentence Investigation Report ("PSR"). (Doc. 17)

An initial PSR was prepared by the United States Probation Office on February 1, 2016. (Doc. 19) On February 16, 2016, the Government advised that it had no objections to the initial PSR. (Doc. 21) On February 19, 2016, Carbajal advised that he had two objections to the initial PSR. (Doc. 22) First, while admitting the authenticity of the prior convictions listed in paragraphs 49 and 50, Carbajal argued that those two convictions should be considered a "single sentence" and should not both be assigned criminal history points. (Doc. 22, pp. 1-2) Second, arguing that his prior conviction for "burglary of a habitation" does not meet the definition of a "crime of violence" pursuant to U.S.S.G. § 4B1.2, Carbajal objected to the determination that he is a career offender. (Doc. 22, pp. 2-5)

The Probation Officer agreed with Carbajal's first objection, noting that paragraph 50 was

revised to reflect the correct guideline and criminal history points applicable to that conviction; that paragraph 55 was revised to correct the total criminal history score and category; but, that because the Probation Officer believed the career offender enhancement was correctly applied, the changes resulting from Carbajal's first objection did not affect the guideline calculation because the enhanced criminal history score remained a VI. (Doc. 23-1, p. 1)  The Probation Officer responded to Carbajal's second objection by stating that the January 21, 2016 proposed amendment relied upon by Carbajal had not yet become effective; that it was her understanding that the amendment would not be made retroactive; and, that even if the Court ruled to omit the career offender enhancement, the resulting changes would still place Carbajal's guideline imprisonment range at 292 to 365 months, which is still greater than the statutorily authorized maximum sentence of 20 years. (Doc. 23-1, p. 2)

     A final PSR was submitted to the Court on February 25, 2016. (Doc. 23)  The final PSR determined that Carbajal was accountable for 1.43 kilograms of actual methamphetamine. (Doc. 23, ¶ 27)  That drug quantity resulted in a base offense level of 34. (Doc. 23, ¶ 33)  A two-level specific offense characteristics adjustment was made based on a Beretta PX4 Storm handgun being found, along with cocaine and marijuana, in Carbajal's vehicle, which is the same vehicle Carbajal used to transport the methamphetamine to Arkansas. (Doc. 23, ¶¶ 34)  A two-level adjustment for role in the offense was made since Carbajal used a minor to commit the offense. (Doc. 23, ¶ 36)  Further, a two-level adjustment for obstruction of justice was assessed because Carbajal fled the scene, first in a vehicle and then on foot, despite law enforcement efforts to stop him. (Doc. 23, ¶ 37)  These adjustments resulted in an adjusted offense level of 40. (Doc. 23, ¶ 39)  Although Carbajal was determined to be a career offender, the offense level from the table in U.S.S.G. § 4B1.1 was less than

the offense level otherwise applicable, so the offense level remained at 40. (Doc. 23, ¶ 39) After a three-level reduction for acceptance of responsibility was made, Carbajal's total offense level was determined to be 37. (Doc. 23, ¶¶ 40-42)

Carbajal's criminal history resulted in a criminal history score of nine, placing him in criminal history category IV; but, due to his career offender status, his applicable criminal history category was determined to be VI. (Doc. 23, ¶¶ 55-56)

The offense of conviction provided for a statutory maximum term of 20 years imprisonment. (Doc. 23, ¶ 79) Based upon a total offense level of 37 and a criminal history category of VI, Carbajal's advisory guideline range was determined to be 360 months to life imprisonment; however, the statutorily authorized maximum sentence of 20 years is less than the minimum of the applicable guideline range, so the guideline term of imprisonment is 240 months. (Doc. 23, ¶ 80)

Carbajal appeared for sentencing on April 14, 2016. (Doc. 29) The Court sentenced Carbajal to the statutory maximum of 240 months imprisonment, to be followed by three years supervised release, no fine, and a $100.00 special assessment. (Doc. 29) Judgment was entered by the Court on April 15, 2016. (Doc. 30) Carbajal did not pursue a direct appeal.

On August 15, 2016, Carbajal filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "motion"). (Doc. 32) The motion raises three grounds for relief: (1) that his prior burglary convictions no longer qualify as predicate offenses for enhancement as a career offender under U.S.S.G. § 4B1.2 in light of *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and *Mathis v. United States*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016); (2) that Amendment 782 to the Sentencing Guidelines should be considered in light of being re-sentenced without the career offender enhancement; and, (3) that the career offender

enhancement violated his Fifth Amendment Due Process rights.  (Doc. 32, pp. 4-8, 14-20)

The United States' response in opposition to the motion was filed on September 14, 2016. (Doc. 39)  Carbajal did not file a reply.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).  A thorough review of Carbajal's motion, and the files and records of this case, conclusively shows that Carbajal is not entitled to relief, and the undersigned recommends the denial and dismissal of Carbajal's § 2255 motion with prejudice without an evidentiary hearing.

### A. *Johnson*, *Welch*, and the Residual Clause of the ACCA

The Armed Career Criminal Act ("ACCA") defines the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortioin, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The italicized portion of subsection (ii) above is known as the "residual clause" of the ACCA.  *See James v. United States*, 550 U.S. 192, 197, 127 S.Ct. 1586, 1591, 167 L.Ed.2d 532 (2007) (question of whether attempted burglary, as defined by Florida law, fell within the ACCA's residual provision for crimes that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another").

On June 26, 2015, the United States Supreme Court ruled in *Johnson* that the residual clause of the ACCA was unconstitutionally vague.  On April 18, 2016, the Supreme Court decided in *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review.

### B.  *Beckles* and the Residual Clause of the Career Offender Guideline

Carbajal argues that his prior Texas conviction for burglary of a habitation no longer qualifies as a predicate offense for enhancement as a career offender under U.S.S.G. § 4B1.2 in the wake of *Johnson* and *Mathis*.  (Doc. 32, pp. 4, 16-17)  He further argues that career offender enhancement is a violation of his Fifth Amendment Due Process rights.  (Doc. 32, pp. 18-20)  These arguments provide Carbajal no relief.

The Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544 (cert. granted June 26, 2016) to address whether the language found in U.S.S.G. § 4B1.2(a)(2), defining a "crime of violence" for career offender purposes under the Sentencing Guidelines, is constitutional after *Johnson*.  For the reasons and upon the rationale set forth in *Beckles v. United States*, — S.Ct. —, 2017 WL 855781 (Mar. 6, 2017), the Supreme Court held that the advisory Sentencing Guidelines,

including § 4B1.2(a)'s residual clause, are not subject to void for vagueness challenges under the Fifth Amendment Due Process Clause. In so ruling, the Supreme Court observed that: the prior system of purely discretionary sentencing was constitutionally permissible; the guidelines merely guide the district courts' discretion; all of the required notice was provided by the applicable statutory range, which established the permissible bounds of sentencing discretion; and, the guidelines do not implicate concern with arbitrary enforcement since they do not prohibit any conduct or establish minimum and maximum penalties for any crime. The *Beckles* opinion dictates an unfavorable outcome for Carbajal in this case.

### C. Carbajal's Claims are Moot

The United States argues that all three of Carbajal's grounds for relief are moot because his sentence was the statutory maximum of 240 months, which sentence is less than the guidelines range with a § 4B1.2 enhancement as a career offender, and also less than the guidelines range without a career offender enhancement. Further, the Government states the Carbajal has already received the benefit of Amendment 782 in determining his sentence. (Doc. 39, p. 1) The undersigned agrees.

The PSR clearly noted that while Carbajal qualified for enhancement as a career offender under § 4B1.2, "the offense level from the table set forth in § 4B1.1 is less than the offense level otherwise applicable, [so] the offense level from the table shall not be applied." (Doc. 23, ¶ 39) The PSR also explained that based upon a total offense level of 37, and an enhanced criminal history category of VI as a career offender, the guidelines range for imprisonment is 360 months to life; however, the statutorily authorized maximum sentence of 20 years is less than the minimum of the applicable guidelines range, therefore the guidelines term of imprisonment is 240 months. (Doc. 23, ¶ 80) In response to Carbajal's objection regarding enhancement as a career offender, the Probation

Officer reported that, "if the Court should rule to omit the chapter four enhancement from the presentence report, the changes that would result are the criminal history category becoming IV and the guideline imprisonment range becoming 292 to 365 months, which is still greater than the statutorily authorized maximum sentence of 20 years." (Doc. 23-1, p. 2)

The Court discussed this with Carbajal's counsel at sentencing, noting that even if Carbajal's objection to career offender enhancement were sustained, the statutory maximum penalty is still lower than the guidelines range. Carbajal's counsel agreed, admitting "[s]o in a way, Your Honor, it is kind of moot." (Doc. 40, p. 4)

Moreover, in cases in which the sentencing court – taking into account the particular circumstances of the case – applies the maximum statutory penalty for an offense irrespective of the guidelines and explains its reasoning for doing so, any possible sentencing range miscalculation is harmless. *United States v. McGrew*, 846 F.3d 277, 281 (8th Cir. 2017) (citing *United States v. Waller*, 689 F.3d 947, 958 (8th Cir. 2012)). "When a sentencing court adequately justifies setting a defendant's sentence based on the maximum statutory penalty, quibbles about the application of Guidelines enhancements or departures become moot." *Id.*, 846 F.3d at 282. Such are the circumstances in the present case. The Court explained that the advisory guidelines range of imprisonment, even without enhancement as a career offender, exceeded the statutory maximum penalty of 20 years, and so the Court imposed the statutory maximum penalty. The Court was justified in doing so, and "quibbles about the application of the Guidelines enhancements" are, as the United States contends, moot.

Carbajal also argues that Amendment 782 to the Sentencing Guidelines should be considered without the career offender enhancement. (Doc. 32, pp. 5, 16) The United States correctly points

out that Amendment 782 became effective on November 1, 2014, and that Carbajal was sentenced on April 14, 2016, so Carbajal had already received the benefit of Amendment 782's two-level reduction. Accordingly, that ground for relief is also moot.

### D. Carbajal's Claims are Procedurally Defaulted

Carbajal's grounds for relief focus on the career offender enhancement. The United States notes that Carbajal raised his guidelines claims in a written objection to the PSR, thus preserving them for appeal, and that the claims are procedurally defaulted due to Carbajal's failure to pursue a direct appeal. Carbajal's claims have been procedurally defaulted.

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (internal citations omitted). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

In this case, Carbajal pleaded guilty to the offense of conviction, and prior to sentencing he objected to the career offender enhancement in his second objection to the PSR. (Doc. 22, pp. 2-5) At sentencing, his counsel conceded that the issue "is kind of moot," but he further stated that he was trying to "posture Mr. Carbajal's case in the best possible manner." (Doc. 40, p. 4) Carbajal raised and preserved his guidelines claims for appeal. By failing to appeal, Carbajal procedurally defaulted the guidelines claims he now raises.

This procedural default may be excused only if Carbajal "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Matthews v. United*

*States*, 114 F.3d 112, 113 (8th Cir. 1997) (quoting *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996)); *Apfel*, 97 F.3d at 1076; and, *Frady*, 456 U.S. at 167-68. "For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

Carbajal makes no such showing here. He fails to demonstrate how the factual or legal basis for his claims was not reasonably available to him in time to pursue relief on direct appeal. As discussed above, defense counsel made a written objection to the PSR based on the assertion that Carbajal should not be subject to a career offender enhancement. (Doc. 22, pp. 2-5) Carbajal was, therefore, clearly aware of the issue in time to pursue relief on direct appeal. He simply failed to do so.

Further, there is no assertion by Carbajal that some interference by government officials, or some external impediment, prevented him from raising his claims on direct appeal.

Since Carbajal has not shown adequate cause to overcome the procedural bar in his case, the Court need not consider the issue of actual prejudice. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). Additionally, Carbajal neither claims nor demonstrates miscarriage of justice through actual innocence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Carbajal has failed to demonstrate "cause and prejudice" or a "miscarriage of justice" to

overcome the procedural default of the guidelines claims he now asserts, and his § 2255 motion should be dismissed.

### E.  No Evidentiary Hearing is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997), quoting from *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985).  Such are the circumstances in this case where Carbajal has alleged insufficient factual and legal support for his claims.  Accordingly, the undersigned recommends the summary dismissal of Carbajal's § 2255 motion without an evidentiary hearing.

### F.  No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right.  A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

In the present case, and for the reasons stated above, the undersigned finds that there is no substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III.  Conclusion

The undersigned recommends that Carbajal's Motion for Relief Under 28 U.S.C. § 2255 (Doc. 27) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of March, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE